### In re WILDBERGER.

(District Court, E. D. Pennsylvania. June 26, 1914.)

#### No. 11207.

ALIENS (§ 65*)—CITIZENS (§ 13*)—NATURALIZATION—EXPATRIATION—STATUTES.

Act Cong. March 2, 1907, c. 2534, 34 Stat. 1228 (U. S. Comp. St. Supp. 1911, p. 490), provides that any American citizen shall be deemed to have expatriated himself by becoming naturalized by any foreign state under its laws or by taking an oath of allegiance to a foreign state. It also declares that any naturalized citizen who has resided for two years in the foreign state from which he came, or for five years in any foreign state, shall be presumed to have ceased to be an American citizen. *Held*, that such act is penal in its character and should be strictly construed as limited to citizens; and hence the fact that an honorably discharged soldier of the United States army, while an alien, returned to the repub-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lic of Switzerland and for a time held an elective office there, did not bar his right to become a citizen as one of the privileges of his military service, as provided by Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331).

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 129; Dec. Dig. § 65;* Citizens, Cent. Dig. §§ 20–22; Dec. Dig. § 13.*]

Application of Hermann Wildberger to be admitted to citizenship. Granted.

Jerome C. Shear, of Collingswood, N. J., Special Examiner, for United States.

DICKINSON, District Judge. The applicant enlisted in the armies of the United States, serving in the regular forces, and was honorably discharged as a soldier of the United States. He is fairly and fully within the provisions of section 2166 of the Revised Statutes (U. S. Comp. St. 1901, p. 1331), and without anything more appearing is admittedly entitled to all the privileges accorded honorably discharged soldiers by the acts of Congress. Personally the applicant has been shown to be deserving of admission to citizenship, unless there is some legal obstacle to his admission. It has, however, been suggested by the Bureau of Naturalization that the applicant is debarred from admission by the provisions of the second section of the act of Congress approved March 2, 1907 (34 Stat. 1228, c. 2534 [U. S. Comp. St. Supp. 1911, p. 491]), and the Bureau objects to his admission solely on this ground.

The pertinent provisions of this act are that any American citizen shall be deemed to have expatriated himself by the act, either of becoming naturalized by any foreign state under its laws, or of taking an oath of allegiance to a foreign state. Another provision is that any naturalized citizen who has resided for two years in the foreign state from which he came, or for five years in any foreign state, shall be presumed to have ceased to be an American citizen. There are some exceptions with which we are not concerned. The fact is set up that this applicant, being a citizen of the republic of Switzerland, returned to that country as his native land, and for a time held and filled an elective office there. Because of this it is claimed he has brought himself within the provisions of the expatriation act.

In determining the question raised, one or two observations are called for bearing upon each of these acts of Congress. The policy of the law embodied in section 2166 of the Revised Statutes is obvious and to be promoted by the courts. The provisions of the act of March 2, 1907, are highly penal, and therefore by every accepted canon of construction are not to be extended to include any persons not within its purview. It relates to the subject of the expatriation of citizens and their protection abroad. In its terms it applies only to citizens—in its one provision to all citizens, and in its other to naturalized citizens. The applicant is not within the letter of the statute. It is clear, also, that its provisions were never intended to embrace persons not citizens. As the applicant was not a citizen at the time referred to, it follows

the act of Congress does not affect his status as either an alien or an honorably discharged soldier. As the act presents no obstacle to his admission, the objection on that score falls harmless.

The applicant is therefore admitted to citizenship upon taking the required oath and complying with the provisions of the law. An exception to this ruling may be noted at the instance of the Bureau of Naturalization.